OPINION
{¶ 1} Defendant, Matthew Violet, appeals from his conviction and sentence for robbery, following a jury trial.
 {¶ 2} The evidence presented at trial by the State demonstrates that in the early morning hours of April 24, 2005, Michael Sterling and his passenger, Billy Ball, were on their way to pick up newspapers they planned to deliver. When the two men were on Ohio Street in Fairborn and Sterling had stopped his vehicle to get out to brush snow off the windshield, Defendant approached Sterling and asked for a ride to a nearby motel. Because Sterling was with his friend he felt safe and agreed to give Defendant a ride. Defendant got into the rear seat of Sterling's vehicle, behind the driver's seat.
 {¶ 3} When Sterling got back inside his vehicle, Defendant asked him what he and his friend were doing. Before Sterling could answer, Defendant wrapped his arm around Sterling and restrained him against the driver's seat while pressing something up against Sterling's side underneath his right arm. Defendant said, "I've got a gun. Give me your money." At that point Sterling told Billy Ball to go for help, and Ball jumped out of the car and ran.
 {¶ 4} Defendant began reaching into Sterling's pockets. Sterling was able to grab his cell phone and call police. Defendant jumped out of the vehicle through the open passenger door and ran. Police arrived on the scene and spoke with Sterling. Defendant was apprehended a short time later, and Sterling identified him as the assailant.
 {¶ 5} Defendant was indicted on one count of robbery in violation of R.C. 2911.02(A)(3). Following a jury trial Defendant was found guilty as charged. The trial court sentenced Defendant to four years imprisonment.
 {¶ 6} Defendant timely appealed to this court from his conviction and sentence. Defendant's appellate counsel, who was also his trial counsel, filed a brief raising prosecutorial misconduct and an excessive sentence as issues for appellate review. Defendant requested the appointment of new counsel for appeal so that he could raise issues of ineffective assistance of trial counsel.
 {¶ 7} We granted Defendant's request and appointed new appellate counsel, who subsequently filed an Anders brief, Anders v.California (1967), 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, claiming that she could not find any meritorious issue for appellate review. Defendant's new appellate counsel nevertheless deferred to the brief previously filed by original appellate counsel on the issues of prosecutorial misconduct and an excessive sentence. As a possible issue for appeal, Defendant's new appellate counsel raised ineffective assistance of trial counsel.
 {¶ 8} We notified Defendant of his appellate counsel's representations and afforded him ample time to file a pro se brief. Defendant subsequently filed a pro se brief which raises the exact same issues raised by his original appellate counsel and new appellate counsel, and also one new issue for appellate review, the sufficiency of the evidence.
 {¶ 9} This case is now before us for decision on the merits. Because we consider the merits of the error assigned, Anders does not apply, and as a result we have not performed the independent review required byPenson v. Ohio (1988), 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300.
FIRST ASSIGNMENT OF ERROR
 {¶ 10} "APPELLANT WAS DENIED A FAIR TRIAL AND DUE PROCESS THROUGH PROSECUTORIAL MISCONDUCT."
 {¶ 11} In analyzing claims of prosecutorial misconduct, the test is "whether remarks were improper and, if so, whether they prejudicially affected substantial rights of the accused." State v. Jones,90 Ohio St.3d 403, 420, 2000-Ohio-187, citing State v. Smith (1984),14 Ohio St.3d 13, 14. "The touchstone of analysis `is the fairness of the trial, not the culpability of the prosecutor.'" Id., quoting Smith v.Phillips (1982), 455 U.S. 209, 219, 102 S.Ct. 940, 947, 71 L.Ed.2d 78. Where it is clear beyond a reasonable doubt that a jury would have found the defendant guilty even absent the alleged misconduct, the defendant has not been prejudiced, and his conviction will not be reversed. SeeState v. Loza (1994), 71 Ohio St.3d 61, 78, 1994-Ohio-409. In reviewing allegations of prosecutorial misconduct, we review the alleged wrongful conduct in the context of the entire trial. Darden v. Wainwright (1986),477 U.S. 168, 106 S.Ct. 2464, 91 L.Ed.2d 144.
 {¶ 12} Billy Ball died prior to trial. Ball was the passenger in the victim's vehicle at the time of the robbery, and the only eyewitness to this robbery except for the victim, Michael Sterling. As the basis for his prosecutorial misconduct claim, Defendant cites numerous instances where during the questioning of Officer Kohler, the prosecutor repeatedly attempted to elicit inadmissible hearsay testimony related to Ball's identification of Defendant as the robber, which was independent from and corroborated the identification made by the victim, Michael Sterling.
 {¶ 13} Defendant objected to the prosecutor's attempts to elicit statements from Officer Kohler about what Billy Ball had said or done relative to identifying Defendant, and the trial court sustained those objections and did not allow that evidence to be introduced. The mere fact that the prosecutor asked questions that attempted to elicit hearsay, and were therefore improper, did not prejudicially affect substantial rights of the accused as is required to find prosecutorial misconduct. State v. Reed (July 20, 2001), Montgomery App. No. 18417, 18448, 2001-Ohio-1537.
 {¶ 14} In any event, the prosecutor's questions were not prejudicial because, although the questions asked by the prosecutor may have implied that Billy Ball identified Defendant as the robber, identity was never an issue in this case. In his trial testimony, Defendant admitted that he was the person who asked Sterling for a ride, got into Sterling's vehicle, and had contact with Sterling on the date and time in question. Defendant testified, however, that he did not rob Sterling by threatening the use of force, but merely asked Sterling to give him his twenty dollars back that Sterling owed him. Defendant was not deprived of a fair trial as a result of the prosecutor's questions which, although improper, resulted in no prejudice to Defendant.
 {¶ 15} Defendant's first assignment of error is overruled.
SECOND ASSIGNMENT OF ERROR
 {¶ 16} "THE TRIAL COURT ERRED IN IMPOSING A SENTENCE THAT WAS EXCESSIVE AND CONTRARY TO LAW."
 {¶ 17} Defendant argues in his pro se brief that the findings the trial court made pursuant to R.C. 2929.14(B) to justify its greater than minimum sentence in this case violated his Sixth Amendment rights, citing Blakely v. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531,159 L.Ed.2d 403 and State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856. The State in its brief concedes that error. We agree.
 {¶ 18} Defendant's offense is a felony of the third degree. R.C.2911.02(B). The minimum statutory sentence of incarceration for a third degree felony is one year. R.C. 2929.14(A)(3). The trial court justified its greater sentence of four years on findings the court made pursuant to R.C. 29029.14(B)(2), that a minimum term would demean the seriousness of Defendant's offense and not adequately protect the public.
 {¶ 19} In State v. Foster, supra, the Supreme Court held that the findings the court is mandated by R.C. 2929.14(B) to make violate a defendant's Sixth Amendment right to a jury trial. Id., ¶ 61. Sentences thus imposed must be reversed and the case remanded for resentencing pursuant to Foster if an appeal was pending when Foster was decided. Id., ¶ 104.
 {¶ 20} Foster was decided on February 27, 2006. Defendant had filed his notice of appeal to this court on August 24, 2005. He is therefore entitled to the benefit that Foster confers on the error Defendant assigns.
 {¶ 21} Defendant's second assignment of error is sustained. Defendant's sentence will be reversed and vacated and the case remanded for resentencing per Foster.
THIRD ASSIGNMENT OF ERROR
 {¶ 22} "APPELLANT WAS DEPRIVED OF EFFECTIVE ASSISTANCE OF COUNSEL WHERE COUNSEL FAILED TO ADEQUATELY RESEARCH, PREPARE AND INVESTIGATE FOR TRIAL, AND FAILED TO MAKE PROPER OBJECTIONS, IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS."
 {¶ 23} In her Anders brief, Defendant's new appellate counsel raises as a possible issue for appeal ineffective assistance of trial counsel.
 {¶ 24} Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. Strickland v. Washington (1984),466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must demonstrate that were it not for counsel's errors, the result of the trial would have been different. Id., State v. Bradley (1989),42 Ohio St.3d 136.
 {¶ 25} Defendant claims that trial counsel performed deficiently because he failed to object to prosecutorial misconduct; the repeated attempts by the prosecutor during direct examination of Officer Kohler to elicit hearsay testimony regarding things that Billy Ball said or did relative to his identification of Defendant as the perpetrator of this offense.
 {¶ 26} In addressing that same claim in the first assignment of error, we noted that defense counsel did object to the prosecutor's repeated attempts to elicit hearsay testimony, and that the trial court sustained those objections and did not allow that evidence to be introduced. We further noted that in any event the prosecutor's questions, although improper, did not prejudice Defendant because, although they implied that another person in addition to the victim had identified Defendant, identity of the perpetrator was never an issue in this case because Defendant admitted at trial that he was the person who had contact with the victim, Michael Sterling. Accordingly, neither deficient performance by counsel nor resulting prejudice to Defendant has been demonstrated. Ineffective assistance of counsel has not been shown.
 {¶ 27} In his pro se brief, Defendant additionally complains that his counsel performed deficiently because he failed to file a motion to suppress the statements Defendant made to police. Defendant claims that those statements were taken in violation of his Miranda rights. The testimony of Fairborn police officer James Hern refutes that contention however, and demonstrates that Defendant was advised of hisMiranda rights through a pre-interview form, State's Exhibit 1, which was admitted into evidence. Furthermore, Defendant signed that form and agreed to waive his rights and make a statement to police, and Defendant gave police a written statement, State's Exhibit 2, which did not involve a robbery, much less implicate himself therein. As for the one day discrepancy between the dates listed on the pre-interview form and Defendant's statement, Officer Hern explained that he may have gotten the dates confused while doing a lot of paperwork.
 {¶ 28} On this record, there is no reasonable likelihood that a motion to suppress Defendant's statements, had one been filed, would have succeeded, and therefore neither deficient performance by counsel in failing to file that motion nor resulting prejudice to Defendant has been demonstrated. State v. Simmons (Mar. 29, 1996), Montgomery App. No. 14845.
 {¶ 29} Defendant further complains that his counsel performed deficiently because he failed to request a jury instruction on the lesser included offense of attempted theft, which contains no element requiring the use or threat to use force, as the charged crime of robbery does. Such an offense is not supported by the evidence in this case however.
 {¶ 30} A charge on a lesser included offense is warranted only if the evidence presented at trial supports it, that is, only if the evidence presented at trial would reasonably support both an acquittal on the crime charged and a conviction upon the lesser included offense.State v. Thomas (1988), 40 Ohio St.3d 213.
 {¶ 31} The only eyewitness to the offense who testified, Michael Sterling, testified that Defendant forcibly restrained him by holding him against the driver's seat and pressed something against Sterling's side up underneath his right arm, saying "I've got a gun. Give me your money." Furthermore, Defendant denied that any theft took place. Based upon this evidence, the jury could not reasonably find that Defendant did not use or threaten the immediate use of force, and yet convict Defendant of theft. A jury instruction on attempted theft was therefore not warranted. Id. Defense counsel did not perform deficiently in failing to request that instruction. Ineffective assistance of counsel has not been demonstrated.
 {¶ 32} Defendant's third assignment of error is overruled.
FOURTH ASSIGNMENT OF ERROR
 {¶ 33} "THE EVIDENCE AT TRIAL WAS INSUFFICIENT AS A MATTER OF LAW TO SUPPORT A CONVICTION FOR ROBBERY, AND DUE PROCESS REQUIRES REVERSAL. (T. 39, 49, 51, 52, 55)"
 {¶ 34} A sufficiency of the evidence argument challenges whether the State has presented adequate evidence on each element of the offense to allow the case to go to the jury or sustain the verdict as a matter of law. Thompkins, supra. The proper test to apply to such an inquiry is the one set forth in paragraph two of the syllabus of State v.Jenks (1991), 61 Ohio St.3d 259:
 {¶ 35} "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."
 {¶ 36} Defendant was found guilty of robbery in violation of R.C.2911.02(A)(3), which provides:
 {¶ 37} "No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall do any of the following:
 * * * {¶ 38} "Use or threaten the immediate use of force against another."
 {¶ 39} Defendant in his pro se brief argues that the evidence is insufficient to sustain his conviction for robbery because there is no evidence demonstrating that he used or threatened to use force. We disagree. The testimony of the victim, Michael Sterling, if believed, clearly demonstrates that Defendant used force in attempting a theft offense because he physically restrained Sterling by wrapping his arm around him and holding him up against the driver's seat while pressing something up against Sterling's side underneath his right arm, saying, "I've got a gun. Give me your money." By this conduct Defendant both used force and threatened the immediate use of force.
 {¶ 40} Viewing the evidence and especially Sterling's testimony in a light most favorable to the State, a rational trier of facts could find all of the essential elements of robbery proven beyond a reasonable doubt. Defendant's conviction is supported by legally sufficient evidence.
 {¶ 41} Defendant's fourth assignment of error is overruled and his conviction will be affirmed. Consistent with our disposition of the second assignment of error, Defendant's sentence will be reversed and vacated and this case remanded to the trial court for resentencing perFoster.
WOLFF, P.J. And FAIN, J., concur.